UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVESTER STEWART,<br><br>    Plaintiff,<br><br>    v.<br><br>JIM ROBERTSON, et al.,<br><br>    Defendants. | Case No. 22-cv-01089-JSC<br><br>**ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

**INTRODUCTION**

Plaintiff, a California prisoner proceeding without representation by a lawyer, filed this civil rights action under 42 U.S.C. § 1983 against Jim Robertson, the Warden for Pelican Bay State Prison ("PBSP"), and Kathleen Allison, the Secretary for the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff alleged that Defendants violated his Eighth Amendment right to the basic necessities of life in eight different ways, and that Defendants violated his Fourteenth Amendment right to equal protection.

United States Magistrate Judge Hixson found the Complaint, when liberally construed, stated cognizable claims for relief under the Eighth and Fourteenth Amendments. Defendants declined to proceed before a magistrate judge, and this action was reassigned to the undersigned.

Defendants filed a motion to dismiss Plaintiff's Fourteenth Amendment claim, and Plaintiff's Eighth Amendment claims as to Defendant Allison, under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed an opposition, and Defendants filed a reply brief. For the reasons discussed below, the motion to dismiss is GRANTED.

//

//

**FACTUAL BACKGROUND**

In his Complaint, Plaintiff alleged multiple violations of his Eighth and Fourteenth Amendment rights while incarcerated at PBSP.  Specifically, Plaintiff alleged:

1. PBSP "maintained a 72[-]hour shower violation every week" (ECF No. 5 at 3);
2. As a "second institutional deprivation," PBSP "violate[d] the recommended dietary allowances and di[e]tary refer[e]nce intakes" (*id*. at 3);
3. As a "third violation" PBSP often "deprive[d] plaintiff of the three[-]hour weekly minimum out of cell recreation" time required by CDCR regulations (*id*. at 10);
4. As a "fourth violation." PBSP welded shut the toilets on the exercise and recreation yard (*id*. at 11);
5. As a "fifth violation," CDCR regulations allowed administrative segregation inmates more time out of their cells than general population inmates (*see id*. (citing "Title 15"));
6. As a "sixth violation," PBSP "neglect[ed] a once[-]a[-]week laundry exchange" in August, September, and November (*id*. at 11);
7. As a "seventh violation," PBSP allows "only . . . two to three toilet flush[e]s every hour or two" (*id*. at 11); and
8. As an "eighth violation," by operation of CDCR's clothing and laundry regulations limiting the number of clothing items permitted to inmates and the frequency with which those items may be exchanged for laundering, Plaintiff must wear soiled clothing for half the days in each week (*id*. at 11-12 (citing "Title 15).).

As to the "eighth violation," although the screening order issued earlier in this action described the clothing and laundry allowances as "PBSP's clothing allocation and laundry policy" (ECF No. 11 at 2), a review of the Complaint reveals that Plaintiff claimed these regulations were set by CDCR (*see* ECF No. 5 at 11-12 (referring to "Title 15").).  *See also* Cal. Code Regs. tit. 15, §§ 3030(b) (identifying the clothing that is provided to inmates, and specifying that "[i]nmates shall possess only those items of state clothing and linen issued to them"), 3031(b) ("Weekly laundry exchange shall be provided on a one-for-one basis limited as follows . . . .").

2

**DISCUSSION**

I.     Legal Standard

Failure to state a claim is grounds for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal for failure to state a claim is a ruling on a question of law. *Parks Sch. of Bus., Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face," and a motion to dismiss should be granted if the complaint fails to do so. *Id.* at 570; *see, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009).

Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested, *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *Id.* at 688 (discussing Fed. R. Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Ibid.*

A pleading filed by a party who is proceeding without assistance of a lawyer must be liberally construed, and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "A liberal construction of a pro se complaint, however, does not mean that the court will supply essential elements of a claim that are absent from the complaint." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) (citing *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014).

II. Analysis

Defendants argue that Secretary Allison should be dismissed from this action because Plaintiff failed to identify "a CDCR policy or custom that caused his alleged constitutional violations," and because Secretary Allison was not personally involved in the wrongs against Plaintiff. (ECF No. 19 at 5-6.) Defendants also argue that Plaintiff's equal protection claim should be dismissed in its entirety, because he is neither a member of a suspect class nor treated differently from similarly situated inmates. (*See id*. at 7-8.) Plaintiff responds that he identified CDCR policies which harmed him, and that Secretary Allison "is in charge of the drafting and oversight of th[os]e very policies," "making her respons[i]ble for any deprivation that those policies may cause." (ECF No. 5 at 2 (citing Cal. Code Regs. tit. 15, §§ 3030(b), 3031(b)).) Plaintiff did not respond to Defendants' arguments against the equal protection claim. (*See generally, id*.)

As explained below, the CDCR regulations at issue do not violate Plaintiff's rights under the Eighth or Fourteenth Amendments to the United States Constitution, and his claims as to those regulations are dismissed. Because Secretary Allison is responsible only for CDCR regulations, rather than any breach of the regulations by PBSP, and the regulations are not unconstitutional, Secretary Allison is dismissed from this action.

A. Clothing and Laundry Regulations

The Complaint suffers from a fundamental defect which is fatal to Plaintiff's claim of an "eighth violation": The clothing and laundry regulations are not so deficient as to violate the Eighth Amendment.

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney,* 509 U.S. 25, 31 (1993). The Constitution does not mandate comfortable prisons, but neither does it permit

4

1    inhumane ones. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). A prison official violates the

2    Eighth Amendment when two requirements are met: (1) the deprivation alleged must be,

3    objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state

4    of mind. *Id.* at 834. In determining whether a deprivation of a basic necessity is sufficiently

5    serious to satisfy the objective component of an Eighth Amendment claim, a court must consider

6    the circumstances, nature, and duration of the deprivation and whether the inmate was deprived of

7    a basic necessity, such as food and shelter. *See Johnson v. Lewis,* 217 F.3d 726, 731 (9th Cir.

8    2000). Although the Eighth Amendment protects against cruel and unusual punishment, this does

9    not mean that federal courts can or should interfere whenever prisoners are inconvenienced or

10   suffer de minimis injuries. *See, e.g., Hudson,* 503 U.S. at 9–10. Federal courts must avoid

11   enmeshing themselves in the minutiae of prison operations in the name of the Eighth Amendment.

12   *See Wright v. Rushen,* 642 F.2d 1129, 1132 (9th Cir.1981).

13   Although Plaintiff alleges that the clothing and laundry regulations inherently prevent him

14   from maintaining personal hygiene (*see* ECF No. 5 at 11-12), his allegations reveal that at worst

15   the regulations force him to wear soiled clothing on alternate days (*see id.*). Multiple courts have

16   held that the Eighth Amendment is not violated by laundry service far more infrequent than the

17   service allegedly provided here, or the wearing of soiled clothing for longer periods of time than

18   the period at issue here. *See Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988) (holding that

19   the Eighth Amendment is not violated by an "infrquen[t] [] laundry schedule").[1] Indeed, multiple

---

[1] *See also Abdul-Aziz v. Ricci*, 569 F. App'x 62, 65 (3d Cir. 2014) (going nine days without a change of clothing does not violate the Eighth Amendment), *vacated on other grounds*, 576 U.S. 1002 (2015); *Wojtaszek v. Dart*, 555 F. App'x 628, 629 (7th Cir. 2014) ("infrequent laundry service alone is not an objectively serious condition that violates the constitution") (citing *Gates*, 376 F.3d at 342); *Allen v. King*, No. 1:06-CV-01801-BLW-LMB, 2016 WL 4381288, at *10 (E.D. Cal. Aug. 16, 2016) ("Even the worst possible outcome that Plaintiffs may be subjected to— wearing clothing for a second 24-hour period—does not give rise to a constitutional violation."), *aff'd,* 741 F. App'x 463 (9th Cir. 2018); *Rainwater v. McGinniss*, No. 2:11-CV-0030 GGH P, 2012 WL 3308894, at *12 (E.D. Cal. Aug. 13, 2012) (a two-day gap between donning clean clothing does not offend the Eighth Amendment), *aff'd sub nom. Rainwater v. McGinness*, 559 F. App'x 635 (9th Cir. 2014); *Hebbe v. California Dep't of Corr. & Rehab.*, No. C 12-4037 JSW PR, 2012 WL 5464613, at *2 (N.D. Cal. Nov. 8, 2012) ("Having laundry and linens cleaned every week is not a basic necessity of life like food and shelter."); *cf. Seagrave v. Hennessey*, 19 F.3d 29 at *1-2 (9th Cir. 1994) (unpublished) (prisoner's Eighth Amendment rights were violated when "he had to wear the same clothes for 45 days," but affirming summary judgment because the jail had procedures to provide "a change of clothing and bedding on a regular basis").

5

1    courts have held the Eighth Amendment is not violated where no laundry service is provided at all,

2    so long as inmates are permitted to wash their clothing in a sink. *See Gates v. Cook*, 376 F.3d 323,

3    342 (5th Cir. 2004) (finding no constitutional violation where prisoners were not provided with

4    laundry service, and instead washed their laundry in sinks using bar soap).[2] Thus, as a matter of

5    law, the Eighth Amendment is not violated by the alleged fact that, for half the days in the week,

6    Plaintiff does not have clothing that has been freshly laundered by the laundry service.

7    Accordingly, Plaintiff's Eighth Amendment claim is DISMISSED as to the "eighth

8    violation," in which Plaintiff argues that he was harmed by CDCR's clothing and laundry

9    regulations. For clarity, the Court notes that this Order does not reach Plaintiff's separate

10   argument that he was harmed by PBSPs breach of CDCR's clothing and laundry regulations. (*See*

11   ECF No. 5 at 11-12 (PBSP's breach is "the sixth violation," and the regulations themselves are

12   "the eighth violation").)

13   B. Out-of-cell time

14   Defendants argue that Plaintiff fails to state a claim for violation of the Equal Protection

15   Clause of the Fourteenth Amendment because he does not allege his rights were violated based on

16   his membership in a protected class, and does not allege that he was treated differently from other

17   similarly situated inmates. (*See* ECF No. 19 at 7-8.) Plaintiff did not respond to either argument.

18   (*See generally*, ECF No. 23.)

19   To state a Section 1983 claim for violation of the Equal Protection Clause a plaintiff must

20   show that the defendants acting under the color of state law "acted with an intent or purpose to

21   discriminate against the plaintiff based on membership in a protected class." *Thornton v. City of*

---

[2] *See also Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir. 1986) (reversing district court order requiring laundry service, because washing laundry in the sink with detergent did not violate the Eighth Amendment); *Mayer v. Pima Cnty. Sheriff Dep't*, 996 F.2d 1226 (9th Cir. 1993) (unpublished) (affirming grant of summary judgment where prison provided plaintiff with "two jumpsuits per week [and] no socks or underwear," but "underwear and socks . . . may be purchased at the commissary or brought in by visitors, and [] laundry soap and facilities are available to prisoners"); *Lancaster v. Tilton*, No. C 79-01630 WHA, 2008 WL 449844, at *16-18 (N.D. Cal. Feb. 15, 2008) (finding that a laundry system was "constitutional and adequate in and of itself," but also noting that inmates were able to wash their laundry in a sink, further reducing constitutional concerns). *Cf. Johnston v. Johnson*, 122 F.3d 1072 (9th Cir. 1997) (unpublished) ("We conclude that Johnston failed to show that denials of the opportunity to shower and of clean clothes constituted a serious deprivation.").

*St. Helens*, 425 F.3d 1158, 1196 (9th Cir. 2005) (citation omitted).  To do so, a plaintiff either must plead intentional unlawful discrimination or must allege facts that are susceptible to an inference of discriminatory intent.  *Monterio v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998).  In addition, the "threshold allegation" of an Equal Protection claim is that "the plaintiff was similarly situated to others who received different treatment."  *Chaffee v. Chiu*, No. C-11-05118-YGR, 2012 WL 1110012, at *6 (N.D. Cal. Apr. 2, 2012) (quotation marks and citation omitted); *see also Lam v. City & Cnty. of San Francisco*, 868 F. Supp. 2d 928, 951 (N.D. Cal. 2012), *aff'd*, 565 F. App'x. 641 (9th Cir. 2014) (noting that the plaintiff must plausibly allege that he "was treated differently from persons similarly situated"); *Castro v. City of Union City*, No. 14-cv-00272-MEJ, 2014 WL 4063006, at *9 (N.D. Cal. Aug. 14, 20124) (noting that, to state an equal protection discrimination claim, the plaintiff "must allege facts showing that there were similarly-situated individuals not in his protected class who were treated more favorably") (citation omitted).  "Evidence of different treatment of unlike groups does not support an equal protection claim."  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005).

Defendants are correct that Plaintiff fails to sufficiently to allege a violation of the Equal Protection Clause.  Here, Plaintiff complains that inmates in administrative segregation are given more time out of their cells than general population inmates such as Plaintiff.  (ECF No. 5 at 11-12.)  It is well-established that "prisoners are not a suspect class" *Glauner v. Miller*, 184 F.3d 1053, 1054 (9th Cir. 1999).[3]  Because Plaintiff does not identify a suspect class to which he belongs, he fails to state an equal protection claim on the basis of discrimination against a suspect class.

Nor has Plaintiff identified similarly situated persons who are treated differently from him.  Plaintiff is a general population inmate and seeks to compare himself to administrative segregation inmates.  (*See* ECF No. 5 at 11.)  Multiple courts have held that these two groups are not similarly situated for the purposes of an equal protection analysis.  *See Hart v. Farwell*, 316 F. App'x 678

---

[3] *See also United States v. Whitlock*, 639 F.3d 935, 941 (9th Cir. 2011) ("neither prisoners nor 'persons convicted of crimes' constitute a suspect class for equal protection purposes") (citing *Glauner*, 184 F.3d at 1054); *United States v. Litteral,* 910 F.2d 547, 552 (9th Cir.1990) ("[P]ersons convicted of crimes are not a suspect class.").

1   (9th Cir. 2009) (affirming summary judgment on an equal protection claim because general

2   population prisoners are not similarly situated to prisoners in the protected segregation unit).[4]

3         Because Plaintiff fails to fulfill the elements of an equal protection claim, this claim is

4   DISMISSED.

5       C.  Secretary Allison

6         Defendants argue that Plaintiff "did not allege any policy or custom violated his

7   constitutional rights. Instead, [Plaintiff] alleges the non-compliance with the policies and customs

8   of the facility created the constitutional violation." (ECF No. 19 at 5.)[5] This statement is

9   incorrect. As explained above, Plaintiff argues both that CDCR's clothing and laundry regulations

10  are unconstitutional, and that PBSP breached even those unconstitutional regulations. (*See* ECF

11  No. 5 at 11-12 (PBSP's breach is "the sixth violation," the regulations are "the eighth violation").)

12        Plaintiff concedes that Secretary Allison is responsible only for the CDCR regulations of

13  which he complains, and not for PBSP's breach of those regulations. (*See* ECF No. 23 at 2

14  ("Kathleen Allison is in charge of the drafting and oversight of the very policies that violate the

15  Constitution").) Secretary Allison is not alleged to have any personal involvement in Plaintiff's

16  wrongs. (*See generally,* ECF No. 5.) Nor is Secretary Allison liable for any of PBSP's breaches

17  by virtue of her executive position. *See Hines v. Youseff*, 914 F.3d 1218, 1228 (9th Cir. 2019)

18  (explaining that an official is not liable where he played no role in the violation of the plaintiff's

19  rights).[6] Secretary Allison thus could be liable only if the CDCR regulations themselves are

---

[4] *See also Turner v. Smythe*, 992 F.2d 1220 (9th Cir. 1993) (unpublished) (affirming summary judgment because the plaintiff, an inmate in segregation, "was not similarly situated to inmates in the general population"); *Ashker v. Schwarzenegger*, No. C 05-03286 CW, 2009 WL 801557, at *20 (N.D. Cal. Mar. 25, 2009) ("inmates housed in the SHU are not similarly situated with prisoners in the general population") *aff'd*, 465 F. App'x 718 (9th Cir. 2012); *Owens v. Ayers*, No. C 01-3720 SI (PR), 2002 WL 73226, at *3 (N.D. Cal. Jan. 15, 2002) (dismissing equal protection claim because general population and administrative segregation inmates are not similarly situated); *Wakefield v. Terhune*, No. C 98-4867 SI PR, 2000 WL 288392, at *5 n.3 (N.D. Cal. Mar. 6, 2000) ("SHU inmates are not similarly situated to general population inmates").

[5] Although Secretary Allison is a state official, Defendants did not raise any arguments based on Eleventh Amendment immunity. (*See generally*, ECF No. 19.) Because Plaintiff's claims against Secretary Allison fail for other reasons, the Court need not conduct an immunity analysis.

[6] *See also Cox v. California Forensic Med. Grp.*, No. 14-CV-04662-KAW, 2015 WL 237905, at *1 (N.D. Cal. Jan. 14, 2015) ("It is insufficient for a plaintiff only to allege that supervisors knew

United States District Court
Northern District of California

unconstitutional. As explained above, they are not.

Because Secretary Allison is responsible only for the CDCR regulations and not for any PBSP violations of regulations, and because the regulations are not unconstitutional, Secretary Allison must be DISMISSED from this action.

## CONCLUSION

For the reasons stated above, Defendants' partial motion to dismiss is GRANTED. Secretary Allison is dismissed from this action. Plaintiff's Fourteenth Amendment claim is dismissed (*see* ECF No. 5 at 11 (the "fifth violation")), and his Eighth Amendment claim is dismissed to the extent he claims CDCR's clothing and laundry regulations are inherently unconstitutional (*see id*. at 11-12 (the "eighth violation")). Plaintiff's Eighth Amendment claim continues on all other bases. (*See id*. at 3-11 (listing violations 1-4 and 6-7).)

No later than **91** days from the date this order is issued, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **28 days** from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE – WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

---

about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging a specific policy or a specific event instigated by them that led to the constitutional violations."); *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) ("Plaintiffs must still allege sufficient facts to plausibly establish the defendant's knowledge of and acquiescence in the unconstitutional conduct of his subordinates.") (internal quotation marks and citation omitted).

Defendants shall file a reply brief no later than **14** days after the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

This Order disposes of Docket No. 19.

**IT IS SO ORDERED.**

Dated: October 4, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge