UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVESTER STEWART,<br><br>    Plaintiff,<br><br>v.<br><br>JIM ROBERTSON,<br><br>    Defendant. | Case No. 22-cv-01089-JSC<br><br>**ORDER DENYING IN PART AND GRANTING IN PART MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>Re: Dkt. No. 28 |

Plaintiff, a California prisoner proceeding without representation by a lawyer, filed this civil rights action under 42 U.S.C. § 1983 against Jim Robertson, the Warden for Pelican Bay State Prison ("PBSP"), and Kathleen Allison, the Secretary for the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff also included "John Does 1-100" as Defendants. Defendants' motion to dismiss all claims against Allison and claims five and eight against Robertson was granted. Remaining are claims one through four and claims six and seven, all against Robertson.

Plaintiff has filed a motion for leave to file an amended complaint.[1] (ECF No. 28.) Plaintiff does not include a proposed amended complaint, but rather simply provides the names of six prison officials and requests to have them replace six Doe Defendants in Paragraphs 5 and 77 ½ in the complaint. (ECF No. 28 at 2.) These paragraphs state:

> 5. John Doe 1-100 at all times relevant to this complaint acted under color of state law and is hereby sued in the individual as well as official capacity jointly and severly [sic] for those acts and omissions described fully below.
>
> 77 ½ Plaintiff Jim Robertson (Warden Jim Robertson), John Doe 1-100, and Pelican Bay State Prison acted with deliberate indifference

---

[1] On the docket, this motion is incorrectly named a "Motion for Extension of Time to File an Amended Complaint." Plaintiff seeks leave to amend but not an extension of time in this motion.

>  to Plaintiffs conditions of confinement violating Plaintiffs
>  constitutional rights constituting cruel and unusual punishment
>  under the Eighth Amendment of the United States Constitution.

(ECF No. 5 at 2, 12.)

District courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Plaintiff may amend his complaint to add new Defendants only if the amended complaint states a cognizable claim for relief against them. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (leave to amend need not be granted where the amendment constitutes an exercise in futility). Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer,* 844 F.2d at 633. At the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Simply replacing six "Doe" Defendants in the complaint with six named prison officials does not state a cognizable claim for relief against them because the complaint does not allege how each "Doe" Defendant was personally involved in, or otherwise caused, the alleged violation of his constitutional rights. If he wants to include the named officials as Defendants in an amended complaint, Plaintiff must allege what actions each named Defendant took, or omissions they made, and he must allege how such acts or omissions caused any constitutional violation that he claims.

Plaintiff's motion for leave to amend is GRANTED IN PART AND DENIED IN PART. If plaintiff wishes to add the six officials named in his motion as Defendants, he must file an amended complaint that lists them as Defendants within 28 days of the date this Order is filed. The amended complaint must include the caption and civil case number used in this Order (No.

CV 22-1089 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original complaint by reference; he must include in his amended complaint all the claims he wishes to pursue, including the claims against Defendant Robertson. <u>If Plaintiff fails to file an amended complaint within the designated time and in accordance with the discussion in this Order, the case will proceed only on the basis of the remaining claims in the original complaint against Robertson, and the six officials whom Plaintiff names in his motion (ECF No. 28) will not be Defendants.</u>

The Clerk shall change the name of the motion in docket entry 28 to "Motion for Leave to File an Amended Complaint."

This Order disposes of Docket No. 28.

**IT IS SO ORDERED.**

Dated: December 7, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge