UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVESTER STEWART,<br><br>   Plaintiff,<br><br> v.<br><br>JIM ROBERTSON, et al.,<br><br>   Defendants. | Case No. 22-cv-01089-JSC<br><br>**ORDER DISMISSING AMENDED COMPLAINT; DENYING MOTION FOR EXTENSION OF TIME; SCHEDULING BRIEFING ON DISPOSITIVE MOTION; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. Nos. 33, 35 |

## INTRODUCTION

Plaintiff, a California prisoner proceeding without representation by a lawyer, filed this civil rights action under 42 U.S.C. § 1983 against Jim Robertson, the Warden for Pelican Bay State Prison ("PBSP"), and Kathleen Allison, the Secretary for the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff also included "John Does 1-100" as Defendants. Defendants' motion to dismiss all claims against Allison and claims five and eight against Robertson was granted, which left claims one through four and claims six and seven, all against Robertson. (ECF No. 26.) Thereafter, Plaintiff filed a motion to amend the complaint to name six of the Doe defendants, but the motion was denied because Plaintiff did not include a proposed amended complaint. (ECF Nos. 29, 32.) Plaintiff was granted leave to file an amended complaint, which he has done.

For the reasons discussed below, the Amended Complaint is DISMISSED, and the case will proceed based upon the claims that survived the Court's review of the original complaint. A briefing schedule on Robertson's motion for summary judgment is set forth below.

**DISCUSSION**

The original complaint referred to the "Doe" Defendants in only two places:

> 5. John Doe 1-100 at all times relevant to this complaint acted under color of state law and is hereby sued in the individual as well as official capacity jointly and severly [sic] for those acts and omissions described fully below.
>
> 77 ½  Plaintiff Jim Robertson (Warden Jim Robertson), John Doe 1-100, and Pelican Bay State Prison acted with deliberate indifference to Plaintiffs conditions of confinement violating Plaintiffs constitutional rights constituting cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

(ECF No. 5 at 2, 12.)

The amended complaint replaces "John Doe 1-100" with six new named defendants. (*Compare* ECF No. 5 at ¶¶ 5, 77½, *and* ECF No. 35 at ¶¶ 5, 77½.)  The amended complaint also adds the following to the end of paragraph 77½::

> as well as the California Department of Corrections and Rehabilitations Department Operations Manual Article 7, and Article 53, by being made aware of institutional deprivations and doing nothing to prevint [sic] them and not following the Departments [sic] Operations Manual as stated.

(ECF No. 35 at ¶ 77 ½.)  The amended complaint makes no other changes to the initial complaint.

The amended complaint has two problems.  First, it includes the claims that were previously dismissed for failure to state a claim upon which relief may be granted, i.e. the claims against Defendant Allison and claims five and eight against Defendant Robertson.  (ECF No. 26.)

Second, the amended complaint does not allege specific actions or omissions by any of the six newly-added Defendants.  In the order granting Plaintiff leave to file an amended complaint, the Court cautioned Plaintiff as follows:

> Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer,* 844 F.2d at 633.  At the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th

Cir. 1998).

> Simply replacing six "Doe" Defendants in the complaint with six named prison officials does not state a cognizable claim for relief against them because the complaint does not allege how each "Doe" Defendant was personally involved in, or otherwise caused, the alleged violation of his constitutional rights. If he wants to include the named officials as Defendants in an amended complaint, Plaintiff must allege what actions each named Defendant took, or omissions they made, and he must allege how such acts or omissions caused any constitutional violation that he claims.

(ECF No. 32 at 2.) The amended complaint does not allege facts showing that the six newly-added defendants took actions or made omissions that caused a violation of his constitutional rights. Simply alleging that they were "deliberately indifferent" and were "made aware of institutional deprivations" but failed to prevent them (ECF No. 35 at ¶ 77 ½) are conclusory allegations that do not plausibly establish a violation of his rights. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citations omitted) (a complaint must proffer "enough facts to state a claim for relief that is plausible on its face"). Plaintiff does not distinguish between any of the newly-named Defendants or allege for each of them which of the large number of alleged prison violations (ECF No. 35 at 4-12) they knew about, how and when they were informed of such violations, what remedial measures they had the authority to implement, what actions they took (if any) in response, or how such responses were inadequate. The amended complaint does not state a valid claim for relief against the newly-named Defendants because it does not allege facts that show actions or omissions by them caused a violation of his constitutional rights.

Because the amended complaint both repeats previously-dismissed claims and does not add any valid claims, it will be dismissed, and this case will proceed only based upon the original complaint's cognizable claims against Defendant Robertson.

## CONCLUSION

For the foregoing reasons, the amended complaint is DISMISSED.

Defendant Robertson moved for an extension of the summary judgment deadline of January 3, 2023, to allow time for service of the amended complaint upon the newly-added Defendants. (ECF No. 33.) This motion is DENIED as unnecessary because the amended complaint is dismissed and Robertson has already filed a motion for summary judgment.

Plaintiff's opposition to the motion for summary judgment, if any, shall be filed with the

3

Court and served upon Defendants no later than February 13, 2023.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).  Defendants shall file a reply brief no later than **14** days after the opposition is filed.

Plaintiff's motion  for appointment of counsel is DENIED.  The interests of justice do not at this stage require Plaintiff's representation by counsel as he has demonstrated that he is able to pursue his claims adequately.  If the case proceeds to trial or other circumstances arise making such representation necessary to serve the interests of justice, the case will be referred to the Federal Pro Bono Project to attempt to locate a volunteer attorney willing to represent Plaintiff.

This order disposes of docket numbers  33 and 35.

**IT IS SO ORDERED.**

Dated: January 13, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.